LAW OFFICES OF DEBORAH L. RAYMOND
DEBORAH L. RAYMOND, SBN 173528
445 Marine View Ave., Suite 120
Del Mar, CA 92014
Telephone: (858) 481-9559
Email: draymondlaw@gmail.com

MANEY & GORDON, P.A.
DAVID P. MITCHELL, Florida Bar No. 067249
(*pro hac vice forthcoming*)
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone:  (813) 221-1366
Facsimile:   (813) 223-5920
Email: David@MitchellConsumerLaw.com
          d.mitchell@maneygordon.com
          k.glascock@maneygordon.com

*Attorneys for Plaintiff*
*Wade Reeves*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| WADE REEVES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOME RETENTION SERVICES, INC.<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

////

1
COMPLAINT AND DEMAND FOR JURY TRIAL

////

Plaintiff, WADE REEVES, sues the Defendant, HOME RETENTION SERVICES, INC., and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.* (hereafter "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter "FDCPA"), and the California Rosenthal Act, Cal. Civ. Code §§1788 et seq.  (hereinafter "Rosenthal Act.").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

4. Plaintiff is a debtor/consumer, or alleged debtor/consumer, as defined by 15 U.S.C. § 1692a(3).

5. Plaintiff is the "called party" with respect to the cellular telephone calls described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934 (11th Cir.2014).

6. At all times material, Defendant, HOME RETENTION SERVICES, INC., (hereafter "HRS"), was and is a Texas corporation engaged in the business of collecting debts within the State of California, with its principal place of business located at 9700 Bissonnet, Suite 1500, Houston, Texas 77036, and doing business in California through its Registered Agent located at C.T. Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

7. At all material times, Defendant sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes, and was therefore operating as a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §1692a(6) and as defined in the Rosenthal Act, Cal. Civil Code §1788.2.

8. At all material times, Defendant sought to collect a debt allegedly owed by Plaintiff to the Bank of Oklahoma.

9. As described herein, Defendant HRS employed business practices resulting in intentional harassment and abuse of the Plaintiff, and engaged in patterns of

outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect an alleged debt from Plaintiff.

10. Defendant HRS consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activities at issue, as further described herein.

11. In approximately January of 2015, Plaintiff held a mortgage loan with the Bank of Oklahoma ("the Bank."). At all times material, Plaintiff consistently paid his mortgage debt to the Bank of Oklahoma near the end of the month but prior to the actual end of each month. In essence, Plaintiff paid his mortgage loan during the "grace period." At all times material, the Bank was aware of Plaintiff's payment schedule.

12. In approximately January of 2015, Defendant HRS began its campaign of collection robocalls to Plaintiff's cellular telephone number, (918) 691-0581, in an effort to collect the debt allegedly owed by Plaintiff, but which Plaintiff did not owe at the time. Plaintiff's caller ID reflected that the Defendant's calls originated from the number (800) 947-7067, among others.

13. Upon answering the initial call, Plaintiff spoke to Defendant's representative and instructed Defendant that the alleged debt it was calling to collect was not delinquent as he was within the contractually permitted grace period, and demanded

that Defendant not call him again on his aforementioned cellular telephone number in part because Defendant's calls were using up Plaintiff's minutes and because the calls were very annoying.

14. Despite Plaintiff demanding that Defendant HRS stop placing calls to his aforementioned cellular telephone number, Defendant HRS continued its campaign of harassing debt collection robocalls to Plaintiff's aforementioned cellular telephone number from approximately January of 2015 to the date that Plaintiff sold the property.

15. Plaintiff received in excess of two-hundred (200) robocalls from Defendant HRS on his aforementioned cellular telephone number.

16. The telephone calls at issue were placed by Defendant HRS to Plaintiff's aforementioned cellular telephone number using an "automated telephone dialing system" as defined by the TCPA, 47 U.S.C. §227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "auto-dialer").

17. That Defendant HRS used an "automatic telephone dialing system" to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of a predictive dialer and/or an automated telephone dialing system.

18. Defendant HRS initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

19. Additionally, none of the telephone calls at issue were placed by Defendant HRS to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

20. Defendant HRS has a corporate policy of initiating debt collection calls using an automatic telephone dialing system and/or a prerecorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

21. Defendant HRS willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

22. Despite actual knowledge of its wrongdoing, Defendant HRS continued its campaign of harassment and abuse.

23. Defendant HRS's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

24. Defendant HRS intentionally harassed and abused the Plaintiff on numerous occasions by calling several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, even after Plaintiff repeatedly told Defendant's representatives to stop calling.

25. Defendant HRS has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debts that are the subject of HRS's collection calls.

26. Defendant HRS followed its corporate policy when placing the calls at issue to Plaintiff's aforementioned cellular telephone number.

27. Defendant HRS has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

28. Defendant HRS has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

29. As a direct and proximate result of Defendant's actions, Plaintiff has sustained mental pain and suffering, emotional distress, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

30. All conditions precedent to the filing of this action have occurred.

## COUNT I

### VIOLATION OF THE TCPA AGAINST HRS

31. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

32. None of the calls at issue were placed by Defendant HRS to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

33. Alternatively, Defendant initiated the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

34. Additionally, none of the calls at issue were placed by Defendant HRS to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

35. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to cease calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

36. The TCPA provides Plaintiff with a private right of action against Defendant HRS for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant HRS for statutory damages, actual damages, punitive damages, costs, interest and for such other relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF THE FDCPA AGAINST HRS

37. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

38. Plaintiff has been the subject of collection activity by Defendant HRS arising from an alleged consumer debt.

39. Defendant HRS is a "debt collector" as defined by the FDCPA.

40. Defendant HRS engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

41. Defendant HRS engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's cellular telephone number to ring or engaging Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

42. Defendant HRS engaged in an act or omission prohibited under 15 U.S.C. §1692e(2)(a) by failing to accurately represent the character, amount, or legal status of any debt.

43. Defendant HRS engaged in an act or omission prohibited under 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

44. Defendant HRS engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

45. Defendant HRS's acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. §1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant HRS for statutory damages, actual damages, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE ROSENTHAL ACT AGAINST HRS

46. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

46. Defendant violated the Rosenthal Act, including but not limited to the following sections: Section 1788.17: Defendant violated provisions of Title 15 of the United States Code sections 1692 et seq.

47. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages, including, but not limited to emotional distress, in an amount to be established by proof at trial, and Plaintiff is entitled to an award of actual damages, costs, and attorney's fees pursuant to Cal. Civ. Code §1788.30. In addition, Defendant willfully and knowingly violated the Rosenthal Act which entitles Plaintiff to penalty of not less than $100 and not more than $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for statutory damages of $1,000.00 per violation of the Rosenthal Act, actual damages according to proof at trial, costs, attorney's fees pursuant to Cal. Civ. Code §1788.30 and any such other relief as the Court may deem necessary.

Dated: September 12, 2016

        LAW OFFICES OF DEBORAH L. RAYMOND
              and
        MANEY & GORDON, P.A.

        By:    /s/ Deborah L. Raymond
            Deborah L. Raymond
        Attorneys for Plaintiff

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues so triable.

Dated: September 12, 2016

        LAW OFFICES OF DEBORAH L. RAYMOND
                 and
        MANEY & GORDON, P.A.

By:     /s/ Deborah L. Raymond
       Deborah L. Raymond

Deborah L. Raymond
Law Offices of Deborah L. Raymond
445 Marine View Avenue, Suite 120
Del Mar, CA 92014
(858) 481-9559 (Telephone)
(858) 724-0747 (Facsimile)
draymondlaw@gmail.com

and

David P. Mitchell (*pro hac vice forthcoming*)
Maney & Gordon, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
(813) 221-1366 (Telephone)
(813) 223-5920 (Facsimile)
David@MitchellConsumerLaw.com
d.mitchell@maneygordon.com
k.glascock@maneygordon.com

Attorneys for Plaintiff

12
COMPLAINT AND DEMAND FOR JURY TRIAL