Eric P. Early, State Bar Number 166275
  *eearly@earlysullivan.com*
Scott E. Gizer, State Bar Number 221962
  *sgizer@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for
DEFENDANT HOME RETENTION SERVICES, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

WADE REEVES, an individual,

                  Plaintiff,

      vs.

HOME RETENTION SERVICES, INC., a
Texas Corporation,

                  Defendant.

Case No.: 1:16-CV-01355-DAD-SKO

**JOINT STIPULATION AND PROTECTIVE ORDER**

**(Doc. 19)**

[Honorable Sheila K. Oberto]

Date Filed:      August 4, 2017



EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

179157.1

**THE FOLLOWING IS HEREBY STIPULATED AND AGREED,** by and among:

1.  Plaintiff Wade Reeves ("Plaintiff"); and

2.  Defendant Home Retention Services ("Defendant").

3.  Plaintiff and Defendant are collectively referred to as the "parties."

## GOOD CAUSE STATEMENT

The Defendant in the above-entitled action (the "Action") possesses confidential information of strategic and financial value which it wishes to keep confidential. In the event that such information, as described below in paragraph 1, were to be unnecessarily disclosed, Defendant would suffer, among other things, financial hardship and the disclosure of the internal workings of its operation. For these reasons, good cause exists to enter into the Stipulated Protective Order described herein, as stipulated to by the undersigned parties through their respective counsel.

1.  In connection with discovery in this Action furnished by any of the undersigned parties, or any of their present and former directors, officers, employees, or agents, counsel for the undersigned parties may designate any nonpublic document, material, or information as "Confidential" under the terms of this Stipulated Protective Order if counsel believes in good faith that it contains the following information:

    a.  Proprietary information regarding Defendant's internal business operations;

    b.  Trade secrets or other confidential research, development, or commercial information;

    c.  Information regarding current or former personnel, their personal financial information, or other personally identifiable information, such as social security numbers and bank account numbers.

2.  Any documents, material, or information to be designated "Confidential" shall be so designated by affixing the legend "CONFIDENTIAL" to each page containing any "Confidential" documents, material, or information.

    a.  Affixing the legend "CONFIDENTIAL" on or to the cover of any multipage document which is bound, stapled, or otherwise securely attached shall designate

**JOINT STIPULATION AND PROTECTIVE ORDER**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

179157.1

all pages of the document as "Confidential" unless otherwise indicated by the producing party.

b. If at any deposition in the Action any document, material or information designated "Confidential" is marked as an exhibit, inquired about or otherwise used, the portion of the deposition transcript that relates to such documents, material or information shall be automatically be treated as if it had been designated as "Confidential" under the terms of this Stipulated Protective Order.

3. The inadvertent production by any of the undersigned parties of any "Confidential" document, material, or information in discovery in this Action shall be without prejudice to any claim that such material is "Confidential," or that it is privileged in any respect, or that it is protected from discovery as work product or as trial preparation material, and such party shall not be held to have waived any rights by such inadvertent production. In the event that such production occurs, counsel for the producing party shall redesignate the document as "Confidential," which shall thereafter apply to such document, material, or information subject to the terms of this Stipulated Protective Order. Counsel for the producing party will also re-produce the documents with the appropriate confidentiality designation. In the event that any document that is subject to a claim of privilege or that is protected from discovery as work product or trial preparation material is inadvertently produced, the party that inadvertently received the document shall promptly return the document together with all copies of the document to counsel for the producing party upon receiving written notice from counsel for the producing party that the document was produced inadvertently.

4. Each party understands that treatment of documents and information as "Confidential" requires additional procedures (as specified in this Stipulated Protective Order) and litigation therefore can be more burdensome to the extent that such designations are used. Each party therefore expressly agrees that these designations will be used only when there is a good faith belief that they are warranted. A party receiving documents, material, or information designated as "Confidential" may object to and request the removal of such



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

179157.1

designation, initially by making a good faith effort to resolve any such objection by contacting the producing party, and thereafter by court intervention. Each party agrees that it will promptly meet and confer in good faith about the removal of a confidentiality designation from a particular document or documents when another party gives notice of its belief that the designation was not appropriate with respect to the document(s) specified. While any application, motion, or other such filing pertaining to the appropriateness of a confidentiality designation is pending before the Court, the documents, material, information or testimony in question shall be treated as "Confidential" pursuant to this Stipulated Protective Order.

5.  Documents, material or information designated as "Confidential" (and any information derived therefrom) may be disclosed or made available by the receiving party only to the following:

(a)     The Court (including the Court's administrative and clerical staff) in written submissions or at any oral hearing in the Action (in the manner provided by paragraph 8 of this Stipulated Protective Order);

(b)     (1) Attorneys of record in the Action and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Action and are not employees of any party; (2) In-house counsel to the undersigned parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to documents, material or information designated as "Confidential" shall be advised that such documents, material or information are being disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be disclosed other than pursuant to its terms;

(c)     Those officers, directors, partners, members, employees and agents of the



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

179157.1

undersigned parties that counsel for such parties deems necessary to aid counsel in the prosecution and/or defense of this Action; provided, however, that prior to the disclosure of documents, material or information designated as "Confidential" to any such officer, director, partner, member, employee or agent, counsel for the party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit "A";

(d)     Court reporters transcribing depositions in the Action;

(e)     Any deposition, trial or hearing witness in the Action who previously has had access to the documents, material or information, or who is currently an officer, director, partner, member, employee or agent of an entity that has had access to the documents, materials or information;

(f)     Outside experts, advisors and/or translators consulted by the undersigned parties or their counsel in connection with the Action, whether or not retained to testify at any oral hearing; provided, however, that prior to the disclosure of documents, material or information designated as "Confidential" to any such expert, advisor, and/or translator, counsel for the party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit "A."  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulated Protective Order by any such expert, advisor, and/or translator, promptly to notify counsel for the designating party of such breach or threatened breach;

(g)     Vendors retained by or for the undersigned parties or their counsel to assist in



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW
179157.1

**JOINT STIPULATION AND PROTECTIVE ORDER**

preparing for pretrial discovery, trial, and/or hearings including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; provided, however, that prior to the disclosure of documents, material or information designated as "Confidential" to any such person, counsel for the party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit "A";

(h)    Any mediator or arbitrator that the parties engage in this matter or the Court appoints; provided, however, that prior to the disclosure of documents, material or information designated as "Confidential" to any such mediator or arbitrator, counsel for the party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit "A";

(i)    Governmental law enforcement agencies and other governmental bodies pursuant to a valid subpoena, provided that:

(i)    the subpoenaed party give counsel for the designating party written notice of such subpoena within the shorter of (a) five (5) business days after service of the subpoena, and (b) five (5) business days prior to any production of documents, material or information in response thereto; and

(ii)    at or before the time of production the subpoenaed party proceed in good faith to seek to obtain confidential treatment of such "Confidential" subpoenaed documents, material or information from the relevant governmental



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

179157.1

law enforcement agency or body to the fullest extent available under law; and

(j)     Any other person that the undersigned parties agree to in writing; <u>provided</u>, <u>however</u>, that prior to the disclosure of documents, material or information designated as "Confidential" to any such person, counsel for the party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit "A".

6.      Documents, material or information designated as "Confidential" shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Action, and not for any business or other purpose whatsoever.

7.      Nothing herein shall impose any restrictions on the use or disclosure by any party or witness of documents, material or information known or obtained by such party or witness, by legitimate means, independently of the discovery obtained in the Action, whether or not such documents, material or information may additionally have been obtained through discovery in the Action.

8.      If documents, material or information designated as "Confidential" are to be included in any papers to be filed with any court or are to be otherwise used before any court, such papers shall be accompanied by an application to file the papers, or the confidential portion thereof, under seal.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

9.      Any party to the Action (or other person subject to the terms of this Stipulated Protective Order) may ask the Court, after appropriate notice to the other parties to the Action, to modify or grant relief from any provision of this Stipulated Protective Order.

10.     Entering into, agreeing to, and/or complying with the terms of this Stipulated


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW
179157.1

**JOINT STIPULATION AND PROTECTIVE ORDER**

Protective Order shall not:

      (a)      operate as an admission by any person that any particular documents, material or information contain or reflect trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

      (b)      prejudice in any way the right of any party (or any other person subject to the terms of this Stipulated Protective Order) at any time:

            (i)      to seek a determination by the Court of whether any particular document, material or information should be subject to protection as a "Confidential" document under the terms of this Stipulated Protective Order; or

            (ii)      to seek relief from the Court on appropriate notice to all other parties to the Action from any provision(s) of this Stipulated Protective Order, either generally or as to any particular document, material or information.

      11.      Upon the termination of the Action (including all appeals), the undersigned parties either (a) shall promptly return to counsel for each designating party all documents, material or information designated by that party as "Confidential" and all copies thereof (except that counsel for each party may maintain in its files one copy of each pleading filed with any court and one copy of each deposition together with the exhibits marked at the deposition), or (b) may agree with counsel for the designating party upon appropriate methods and certification of destruction of such documents, material or information.  Also at such time, counsel for the designating party shall be given copies of each statement in the form attached hereto as Exhibit "A" that was signed pursuant to ¶ 5 of this Stipulated Protective Order.

      12.      This Stipulated Protective Order shall survive the termination of this action, to the extent that the information contained in "Confidential" documents, material or information is not or does not become known to the public, and the Court shall retain jurisdiction over this Stipulated Protective Order for the purpose of enforcing it.

      13.      Any party to the Action who has not subscribed to this Stipulated Protective Order



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

179157.1

as of the time it is presented to the Court for signature may thereafter become a party to this Stipulated Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this Stipulated Protective Order.

14.     Any documents, material or information that may be produced by a non-party witness in discovery in the Action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Stipulated Protective Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned parties hereto.  Any such designation shall also function as a consent by such producing party to the authority of the Court in the Action to resolve and conclusively determine any motion or other application made by any person or party with respect to such designation, or any other matter otherwise arising under this Stipulated Protective Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**JOINT STIPULATION AND PROTECTIVE ORDER**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

179157.1

1    15.    The parties and all signatories to the Certification attached hereto as Exhibit "A"

2   agree to be bound by this Stipulation and Protective Order pending its approval and entry by the

3   Court.  In the event that the Court modifies this Stipulation and Protective Order, or in the event

4   that the Court enters a different Protective Order, the parties agree to be bound by this Stipulation

5   and Protective Order until such time as the Court may enter such a different Order.  It is the parties'

6   intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to

7   allow for immediate production of Confidential Information under the terms herein.

8        This Protective Order may be executed in counterparts.

9

10  Dated:  June 1, 2017              EARLY SULLIVAN WRIGHT
                                        GIZER & McRAE LLP
11

12                                   By:_  /s/ Scott E. Gizer_____
13                                      Eric P. Early
                                        Scott E. Gizer
14                                      Attorneys for Defendant
                                        Home Retention Services, Inc.
15

16  Dated:  August 4, 2017           MANEY & GORDON, P.A.
17

18                                   By: _/s/David P. Mitchell_
19                                      David P. Mitchell
                                        Attorney for Plaintiff Wade Reeves
20
    Dated:  August 4, 2017           LAW OFFICES OF DEBORAH L. RAYMOND
21

22                                   By: _/s/Deborah L. Raymond_
23                                      Deborah L. Raymond
                                        Attorney for Plaintiff Wade Reeves
24

25

26  / / /

27  / / /

28  / / /



EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW
179157.1

**ORDER**

IT IS SO ORDERED.

Dated:   <u>**August 8, 2017**</u>         <u>/s/ *Sheila K. Oberto*</u>
                                        UNITED STATES MAGISTRATE JUDGE



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

179157.1

**JOINT STIPULATION AND PROTECTIVE ORDER**

**EXHIBIT "A"**

**ACKNOWLEDGMENT FORM – PROTECTIVE ORDER**

I, _____, hereby acknowledge that (i) I have read the Protective Order entered in the action presently pending in the United States District Court for the Eastern District of California entitled *Reeves v. Home Retention Services, Inc.,* Case Number 1:16-CV-01355-DAD-SKO (the "Action"); (ii) I understand the terms of the Protective Order; and (iii) I agree to be bound by its terms.

I will not divulge to persons other than those specifically authorized by this Protective Order, and I will not copy or use, except solely for the purposes of this Action, any documents or information obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court.

I further understand that I am to retain all copies of all documents or any information designated "CONFIDENTIAL" provided to me in this Action in a secure manner, and that all copies of such documents are to remain in my personal custody until termination of my participation in this Action, whereupon the copies of such documents will be returned to counsel who provided me with such material.

I consent to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing said Protective Order, enjoining any anticipated violation of the Order, or seeking damages for the breach of said Order.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____, _____.


DATE: _____          _____

                                          Signature


                                          _____

                                          Title

**JOINT STIPULATION AND PROTECTIVE ORDER**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

WGM
179157.1